**94-2489.** State v. Hall. *Cuyahoga County*, No. 63771. This cause is pending before the court as an appeal from the Court of Appeals for Cuyahoga County. Appellant's merit brief or notice of adoption of the memorandum in support of jurisdiction as the brief was due April 21, 1995. It appears from the records of this court that appellant has not filed a merit brief or notice of adoption in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte*, effective May 3, 1995.

**94-2596.** State v. Costilla. *Lucas County*, No. L–93–204. This cause is pending before the court as an appeal from the Court of Appeals for Lucas County. Appellant's merit brief was due April 21, 1995. It appears from the records of this court that appellant has not filed a merit brief in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte*, effective May 3, 1995.

**95–370.** Shaker Hts. Pub. Library Bd. of Trustees v. Ozanne Constr. Co. *Cuyahoga County*, No. 67578. This cause is pending before the court as a discretionary appeal. Upon consideration of the joint application for dismissal,

IT IS ORDERED by the court that the application for dismissal be, and hereby is, granted, effective May 3, 1995.

**95–409.** State ex rel. Loral Defense Sys. v. Indus. Comm. *Franklin County*, No. 93APD10–1397. This cause is pending before the court as an appeal from the Court of Appeals for Franklin County. On April 26, 1995, Loral Defense Systems and the Industrial Commission of Ohio filed a stipulation to an extension of time for filing appellant's merit brief and supplement to merit brief. Pursuant to S.Ct.Prac.R. VI, appellant's brief was due April 25, 1995, and under S.Ct.Prac.R. XIV(3), any stipulation must be filed within the time prescribed for filing the brief that is the subject of the stipulation. Accordingly,

IT IS ORDERED by the court, *sua sponte*, effective May 2, 1995, that the stipulation for extension of time to file appellant's merit brief and supplement to merit brief be, and hereby is, stricken.

WHEREAS, appellant has not filed a merit brief in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence,

IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte*, effective May 2, 1995.

**95–601.** State v. Jones. *Franklin County*, No. 90AP–790. This cause is pending before the court as an appeal from the Court of Appeals for Franklin County. Appellant's merit brief was due April 26, 1995. It appears from the records of this court that appellant has not filed a merit brief in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte*, effective May 2, 1995.

**95–754.** State v. Davenport. *Hamilton County*, No. C–940057. Appellant has filed an untimely appeal of the court of appeals' decision denying appellant's petition for post-conviction relief and a motion for delayed appeal. This appeal involves a civil, post-conviction matter and not an appeal of a felony case to which the provisions for delayed appeal in S.Ct.Prac.R. II(2)(A)(4) apply. Therefore,

IT IS ORDERED by the court, *sua sponte*, effective May 3, 1995, that the motion for delayed appeal be, and hereby is, stricken.

IT IS FURTHER ORDERED by the court, *sua sponte*, that, in that appellant failed to perfect an appeal pursuant to S.Ct.Prac.R. II(2)(A)(1), this case be, and hereby is, dismissed for lack of jurisdiction.